INDUSTRIAL COLOR, INC., Plaintiff-Appellant, v. C P INORGANICS, INC., Defendant-Appellee.

Third District    No. 3—92—0605

Opinion filed April 30, 1993.—Rehearing denied June 7, 1993.

Timothy J. Rathbun, of McKeown Law Office, of Joliet (Ted Jarz, of counsel), for appellant.

Mason, Orloff, Reich, Troy & Thanas, of Joliet (Thomas A. Thanas, of counsel), for appellee.

JUSTICE SLATER delivered the opinion of the court:

Plaintiff Industrial Color, Inc., is engaged in the business of manufacturing and selling pigments used in the production of paint. In 1971, plaintiff and defendant C P Inorganics, Inc., which were adjoining landowners, had an agreement whereby plaintiff would assist the defendant in obtaining credit. Pursuant to the agreement, plaintiff would be billed for services actually sought and arranged for by the defendant. Plaintiff would pay for the services provided to defendant and defendant would thereafter pay the plaintiff.

In July of 1972, plaintiff received an invoice from Conservation Chemical Company for the disposal by defendant of 30,000 gallons of chromate bearing waste at a site in Gary, Indiana. In accordance with the agreement, plaintiff sent a check for $900 as payment and the defendant reimbursed $900 to plaintiff.

In September of 1985, the United States Environmental Protection Agency (EPA) determined that an imminent and substantial endangerment to the public health existed at the Gary waste disposal site. The EPA issued an order under the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 (42 U.S.C. §9606(a) (1988)) directed at plaintiff because its name was included on invoices which indicated that it may have sent or caused to be sent hazardous substances to the Gary site. The EPA billed plaintiff in the amount of $25,000 for its share of the cost of cleaning up the waste disposal site.

In July of 1989, a lawsuit was brought against plaintiff in Federal court to obtain the costs of cleaning up the site. Plaintiff hired legal counsel and eventually negotiated a settlement in which it paid $3,270. However, in defending against the suit and negotiating the settlement the plaintiff incurred $10,575.14 in attorney fees. Plaintiff thereafter filed a complaint for indemnification against defendant in the circuit court of Will County. Defendant filed a motion to dismiss the complaint, and the parties agreed to resolve the matter by filing cross-motions for partial summary judgment on the single issue of whether the plaintiff could recover the attorney fees expended in defending the EPA lawsuit. The trial court found that plaintiff was not entitled to recover its attorney fees and granted defendant's motion for partial summary judgment. The court subsequently granted judgment in favor of the plaintiff on its complaint in the amount of $3,270. Plaintiff now appeals from the trial court's determination that it was not entitled to attorney fees.

■■ "The law in Illinois clearly is that absent a statute or a contractual agreement 'attorney fees and the ordinary expenses and burdens of litigation are not allowable to the successful party.' " (*Kerns v. Engelke* (1979), 76 Ill. 2d 154, 166, 390 N.E.2d 859, 865, quoting *Ritter v. Ritter* (1943), 381 Ill. 549, 553, 46 N.E.2d 41, 43.) Plaintiff does not quarrel with this proposition as a statement of law, but disputes its applicability to this case. Relying on *Sorenson v. Fio Rito* (1980), 90 Ill. App. 3d 368, 413 N.E.2d 47, and *Nalivaika v. Murphy* (1983), 120 Ill. App. 3d 773, 458 N.E.2d 995, plaintiff asserts that attorney fees are recoverable here under the general rule that one who commits an illegal or wrongful act is liable for all of the ordinary and natural consequences of that act. As the court explained in *Nalivaika*:

> "Care must be taken to distinguish between the rule prohibiting the recovery of attorney fees from the losing party by the prevailing party in litigation and the rule allowing the recovery of attorney fees incurred in litigation with third parties necessitated by defendants' wrongful act. [Citation.] *** Where the attorney fees sought by the plaintiff are those incurred in actions with third parties brought about by a defendant's misconduct, the litigation expenses are merely a form of damages and are accordingly recoverable from the defendant." (*Nalivaika*, 120 Ill. App. 3d at 776, 458 N.E.2d at 997.)

Plaintiff contends that the attorney fees it expended in defending the EPA lawsuit were simply an element of damages brought about by the defendant's misconduct and are therefore recoverable under *Sorenson* and *Nalivaika*. We disagree.

*Sorenson* was a legal malpractice action in which the plaintiff was required to pay tax penalties and interest due to defendant's neglect in settling an estate. The trial court awarded as damages the attorney fees incurred by Sorenson in attempting to obtain a refund of the penalty and interest charges. The appellate court affirmed, finding that the defendant's neglect was the direct cause of the legal expenses.

In *Nalivaika*, the defendants contracted to sell their interest in a land trust to the Ques, but later refused to sell. Plaintiffs, allegedly relying on false and fraudulent statements by the defendants, then contracted to purchase the land from the defendants. The Ques subsequently sued plaintiffs as owners of the property for civil rights violations. After successfully defending against the Ques' lawsuit, the plaintiffs filed a two-count complaint against defendants seeking recovery of attorney fees they had incurred. Count I alleged fraudulent misrepresentation, and count II was based on a written indemnity

agreement. The trial court dismissed the complaint. The appellate court affirmed the dismissal of count II because the indemnity agreement did not mention attorney fees. The court reversed the dismissal of count I, however, finding that the legal fees were merely a form of damages resulting from defendants' alleged misconduct.

The defendants in both *Sorenson* and *Nalivaika* committed or were alleged to have committed torts against the plaintiffs. The attorney fees allowed as damages were simply an element of damages arising from the tort. In this case the plaintiff has not alleged any tortious conduct by the defendant directed at plaintiff.

Plaintiff also contends that it is entitled to attorney fees based upon its cause of action for implied indemnity. Implied indemnity is "a contract implied in law arising from the legal obligation of an indemnitee [here the plaintiff] to satisfy liability caused by actions of his indemnitor." (*Allison v. Shell Oil Co.* (1986), 113 Ill. 2d 26, 28, 495 N.E.2d 496, 498.) The fundamental premise underlying an action for implied indemnity is the recognition that the law may impose liability upon a blameless party derivatively through another's conduct. (*American National Bank & Trust Co. v. Columbus-Cuneo-Cabrini Medical Center* (1992), 154 Ill. 2d 347.) "Thus, *** reason may exist to continue to recognize the viability of implied indemnity where a principal is vicariously liable for the conduct of an agent or for the nondelegable acts of an independent contractor." *American National*, 154 Ill. 2d at 351.

The issue of attorney fees in the context of an indemnity action was addressed in *Kerns v. Engelke* (1979), 76 Ill. 2d 154, 390 N.E.2d 859. In *Kerns*, the plaintiff was injured by a forage blower, and he brought suit against his employers (the Engelkes), the manufacturer of the blower (Fox River) and the retailer (Timmerman). A jury found that the Engelkes were liable for negligence and that Fox River and Timmerman were liable on the basis of strict liability. Timmerman received a judgment on his counterclaim for indemnity against Fox River, including an award for attorney fees expended in defending the suit. The appellate court affirmed and remanded for a determination of the amount of the attorney fees. In reversing the judgment for attorney fees, the supreme court cited *Ritter v. Ritter* (1943), 381 Ill. 549, 46 N.E.2d 41, for the proposition that attorney fees and the ordinary expenses of litigation are not recoverable. The court then stated:

> "The appellate court distinguished the instant case from *Ritter* and the general proposition above in that the attorney's fees here were the result of defending a prior action which gave rise to the indemnity claim. *** We are not persuaded we should

create an indemnity exception to the *Ritter* holding even under the circumstances of this case in which Timmerman gave Fox River sufficient notice, and was ostensibly entitled to indemnification. Timmerman was properly sued as a defendant strictly liable; and that Timmerman was successful in the indemnity action is not a distinction sufficient to remove him from the ruling in *Ritter*." *Kerns*, 76 Ill. 2d at 166-67, 390 N.E.2d at 865.

Plaintiff argues that *Kerns* is not applicable to this case, however, because unlike the indemnity plaintiff in *Kerns*, plaintiff here was not "properly sued as a defendant." In effect, plaintiff contends that it was improperly sued by the EPA and only settled the case to avoid additional litigation expenses. If we were to accept this argument, however, plaintiff would not have a cause of action for implied indemnity.

■ As stated earlier, implied indemnity is based upon the premise that the plaintiff-indemnitee has been held liable for the acts of the defendant-indemnitor. If the plaintiff in this case was not liable for the cost of cleaning up the waste disposal site, and thus was not "properly sued as a defendant," there would be no basis for indemnity. In such a situation, plaintiff would not be seeking restitution for payments it was legally required to make due to defendant's conduct. Instead, plaintiff would be attempting to make defendant responsible for the consequences of the EPA's mistake in suing the wrong party. We do not believe that the concept of implied indemnity would support such a notion.

We find that the plaintiff's request for attorney fees was properly denied under *Kerns*, and we affirm the trial court's order granting defendant's motion for summary judgment on that issue. We note that the judgment for plaintiff for $3,270 on its complaint for indemnification has not been appealed and is not at issue here.

For the reasons stated above, the judgment of the circuit court is affirmed.

Affirmed.

BRESLIN and LYTTON, JJ., concur.