NICK'S AUTO SALES, INC., Appellant,

v.

RADCLIFF AUTO SALES, INC., C. M. Davis d/b/a Toppers Used Cars, Jay Kidder d/b/a G & G Sales, Appellees.

Court of Appeals of Kentucky.

Dec. 14, 1979.

Donald E. Skeeters, Skeeters & Bennett, Radcliff, for appellant.

George K. Harris, Radcliff, Ronald E. Meredith, Kelley & Meredith, D. Michael Coyle, Elizabethtown, for appellees.

Before HAYES, C. J., and LESTER and WINTERSHEIMER, JJ.

HAYES, Chief Judge.

This is an appeal from a judgment of the Hardin Circuit Court wherein appellant's demand for attorney's fees in an action based on KRS 355.2–715 was denied. The sole issue on this appeal is whether attor-

ney's fees constitute a buyer's incidental or consequential damage recoverable under KRS 355.2–715.

The appellant, Nick's Auto Sales, Inc., on or about May 15, 1978, purchased from the appellee, Radcliff Auto Sales, Inc., a 1974 Oldsmobile Cutlass automobile for a consideration of $2,200.00. Radcliff had acquired the car from the third-party defendants, C. M. Davis d/b/a Toppers Used Cars and Jay Kidder, d/b/a G & G Sales, for a consideration of $1,200.00. When appellant sold the automobile to its customer at its place of business in Clarksville, Indiana, a standard vehicle identification check through the Indiana police revealed that the automobile was a stolen car from Illinois. The Indiana police recovered the automobile and appellant was required to pay Allstate Insurance Company, the insurer of the true owner, $2,252.00 and to pay a $48.00 storage bill in order to obtain good title to the automobile.

Appellant brought a civil action in Hardin Circuit Court against the appellee, Radcliff Auto Sales, Inc., based on Radcliff's breach of its implied warranty of title found in KRS 355.2–312(1)(a). Appellant sought the recovery of $2,300.00 (*i.e.* the cost of cover), attorney's fees, other costs, and any and all relief to which he may have appeared entitled. The appellee, Radcliff Auto Sales, Inc., filed a third-party complaint against the appellees, C. M. Davis d/b/a Toppers Used Cars and Jay Kidder d/b/a G & G Sales.

At the trial, the parties agreed to a judgment for appellant in the amount of $2,300.00. Appellant asserted that he was entitled to attorney's fees in addition to the $2,300.00 judgment and cited the court to *Mattingly-Rapier Chevrolet Company v. Singleton,* Ky., 25 Ky.L.Summ. 14 (Decided by the Kentucky Court of Appeals on October 13, 1978. This opinion was modified on July 20, 1979.) The court denied appellant's claim for attorney's fees, and that denial is the basis of this appeal.

■ In examining the issue, we first note that in cases which are not Uniform Commercial Code cases, the rule in Kentucky is

well established that "[i]n the absence of statute or contract expressly providing therefor, attorney's fees are not allowable as costs . . . nor recoverable as an item of damages." *Dulworth & Burress Tobacco Warehouse Co. v. Burress,* Ky., 369 S.W.2d 129, 133 (1963). *See also, Holsclaw v. Stephens,* Ky., 507 S.W.2d 462 (1974); *Powell v. City of Campbellsburg,* Ky., 563 S.W.2d 488 (1978). Kentucky is in harmony with the main of United States jurisdictions in this regard as is shown by this passage from a United States Supreme Court case wherein it is said: "The rule here has long been that attorney's fees are not ordinarily recoverable in the absence of a statute or enforceable contract providing therefor." *Fleischmann Distilling Corporation v. Maier Brewing Company,* 386 U.S. 714, 717, 87 S.Ct. 1404, 1407, 18 L.Ed.2d 475 (1967).

■ The next question is whether it was the intention of the legislature to vary the rule that attorney's fees are not recoverable for those cases arising under the Uniform Commercial Code. The answer to this question appears to be no.

There are no cases directly on point which have been decided by Kentucky courts, but there has been a case which arose in Kentucky which was decided by the federal court, using what it perceived to be Kentucky law. This case arose under the Uniform Commercial Code, Article II, and involved a contract to purchase a thoroughbred mare. Plaintiff sued for the purchase price and defendant counterclaimed to rescind the contract, alleging a breach of warranty, in that there had been a material misrepresentation of the mare's "produce record" (*i. e.,* breeding history). The court disallowed the attorney's fees, saying "the defendants are not entitled to attorneys' fees since they are not to be granted in the absence of a statute authorizing them." The court cited *Holsclaw, supra,* and *Dulworth, supra,* in support of this statement, The court said further, "no Kentucky or federal statute authorizing such fees in this type of case was cited by the parties, so the court concludes there are none." *Keck v. Wacker,* 413 F.Supp. 1377, 1384 (E.D.Ky. 1976).

Since there is no Kentucky case directly on point, we next examine how other jurisdictions have answered the question. We find that the overwhelming weight of authority is that attorney's fees are not recoverable under Uniform Commercial Code 2–715. *See Universal C.I.T. Credit Corp. v. State Farm Mutual Auto Insurance Co.,* Mo.App., 493 S.W.2d 385 (1973); *Modine Manufacturing Co. v. North East Independent School District,* 14 U.C.C.Rptr. 317, 503 S.W.2d 833 (Tex.Civ.App.1974); *Empire Realty Co. v. Fleisher,* 269 Md. 278, 305 A.2d 144 (1973); *Certain-Teed Products Corp. v. Goslee Roofing and Sheetmetal, Inc.,* 26 Md. App. 452, 339 A.2d 302 (1975); *Equitable Lumber Corp. v. IPA Land Development Corp.,* 18 U.C.C.Rptr. 273, 38 N.Y.2d 516, 381 N.Y.S.2d 459, 344 N.E.2d 391 (1976); *Hardwick v. Dravo Equipment Co.,* 22 U.C.C.Rptr. 968, 279 Or. 619, 569 P.2d 588 (1977) and *Murray v. Holiday Rambler, Inc.,* 24 U.C.C.Rptr. 52, 83 Wis.2d 406, 265 N.W.2d 513 (1978).

In addition to the case authority, White and Summers, a leading authority on the Uniform Commercial Code, have suggested that "[t]he recovery of legal fees is probably available in rare circumstances only." J. White and R. Summers, *Handbook of the Law under the Uniform Commercial Code* at 302 n.57 (1972).

The situations where attorney's fees may be recovered appear to fall into three categories:

(1) Pursuant to statute, *Hardesty v. Andro Corp.—Webster Div.,* 555 P.2d 1030, 20 U.C.C.Rptr. 352 (Okl.1976); *Morris v. Chevrolet Motor Division of General Motors,* 39 Cal.App.3d 917, 114 Cal.Rptr. 747 (1974). (In this case, buyer recovered attorney's fees from seller pursuant to statute. Then manufacturer had to indemnify seller.)

(2) Pursuant to a contract of the parties, *Equitable Lumber Corp. v. IPA Land Development Corp., supra; but see Mammoth Cave Production Credit Assoc. v. Geralds,* Ky.App., 551 S.W.2d 5 (1977).

(3) Attorney's fees incurred in third-party litigation, *Universal C.I.T. Credit Corp. v. State Farm Mutual Auto Insurance Co.,* *supra; Safeway Stores, Inc. v. L.D. Schreiber Cheese Co.,* 326 F.Supp. 504 (W.D. Mo.1971). (Wholesaler was allowed to recover from manufacturer attorney's fees that it incurred in defending a claim by retailer, based on contaminated cheese that it had bought from manufacturer and then sold to retailer.)

Appellant's reliance on *Mattingly-Rapier Chevrolet Co. v. Singleton,* Ky., 25 Ky. L.Summ. 14 (Decided October 13, 1978, by the Kentucky Court of Appeals and modified July 20, 1979), is misplaced for the reason that the award to plaintiff of attorney's fees in that case was overturned for the reason that there was no breach of title by defendant. Only the issue of *title* was decided. The Court of Appeals never reached the issue of whether the award of attorney's fees would have been proper had a breach of title occurred.

Appellant's reliance on KRS 453.050 is similarly misplaced. That statute is limited by KRS 453.060, which says that appellant's attorney fees in a legal action in circuit court are limited to $2.50.

Although KRS 355.1–106(1) provides "[t]he remedies provided by this chapter shall be liberally administered to the end that the aggrieved party may be put in as good a position as if the other party had fully performed . . .," that section is tempered by the effect of KRS 355.1–103 which reads:

Unless displaced by the particular provisions of this chapter, the principles of law and equity, including the law merchant and the law relative to capacity to contract, principal and agent, estoppel, fraud, misrepresentation, duress, coercion, mistake, bankruptcy, or other validating or invalidating cause shall supplement its provisions.

Thus, it appears that KRS 355.2–715 was not intended to displace the common law of Kentucky regarding the awarding of attorney's fees.

The judgment of the trial court is affirmed.

All concur.