**INDIANA GLASS COMPANY,**
Appellant–Plaintiff,

v.

**INDIANA MICHIGAN POWER
COMPANY, Appellee–
Defendant.**

No. 27A02–9707–CV–479.

Court of Appeals of Indiana.

March 11, 1998.

George M. Plews, Jeffrey D. Claflin, Alexandra S. Lipps, Plews Shadley Racher & Braun, Indianapolis, for Appellant–Plaintiff.

Frank E. Gilkison, Marianne L. Vorhees, Beasley Gilkison Retherford Buckles & Clark, Muncie, for Appellee–Defendant.

## OPINION

GARRARD, Judge.

### STATEMENT OF THE CASE

Indiana Glass Company ("Indiana Glass") appeals the trial court's grant of summary judgment in favor of Indiana Michigan Power Company ("I & M") on Indiana Glass's claim for attorney's fees as incidental or consequential damages under the Indiana Uniform Commercial Code (the "UCC"). We affirm.

### ISSUE

Whether a buyer may recover attorney's fees as incidental or consequential damages under the UCC for breach of the implied warranties of merchantability and fitness for a particular purpose.

### FACTS

Indiana Glass is an Indiana corporation that manufactures glassware at its plant located in Dunkirk. I & M contracted to supply electricity to Indiana Glass pursuant

to a written agreement. On several occasions between January 25, 1989, and September 25, 1990, I & M allegedly supplied electricity to Indiana Glass's Dunkirk facility at a diminished or an increased voltage which caused damage to Indiana Glass's manufacturing processes. Accordingly, on January 23, 1991, Indiana Glass filed its complaint against I & M and alleged that I & M was negligent, or in the alternative, that I & M breached the UCC's implied warranties of merchantability and fitness for a particular purpose when it sold and delivered "defective" electricity. Indiana Glass sought damages for lost machine hours, extraordinary maintenance costs, the cost of repairing machinery which was damaged due to voltage fluctuations, and for "all other just and proper relief."

Following a motion for partial summary judgment filed by Indiana Glass, on November 18, 1993, the trial court entered partial summary judgment in favor of Indiana Glass and concluded, as a matter of law, that electricity is a "good" under the UCC and that I & M had not disclaimed the UCC implied warranties of merchantability and fitness for a particular purpose in the parties' agreement. Thus, the trial court determined that Indiana Glass could pursue its UCC claims against I & M.

The parties thereafter entered into a confidential settlement agreement resolving all issues between the parties except Indiana Glass's claim for attorney's fees as incidental or consequential damages under the UCC. The parties filed cross-motions for summary judgment asking for a determination, as a matter of law, on the issue of whether Indiana Glass would be entitled to recover attorney's fees as incidental or consequential damages under the UCC in the event Indiana Glass could establish I & M's breach of the implied warranties. Following a hearing, the trial court granted summary judgment in favor of I & M and concluded that Indiana Glass could not recover attorney's fees as incidental or consequential damages

under the UCC. Indiana Glass appeals that determination of law.

## DISCUSSION AND DECISION
### Standard of Review

■ The purpose of summary judgment is to terminate litigation about which there can be no factual dispute and which may be determined as a matter of law. Ind.Trial Rule 56(C); *Kottlowski v. Bridgestone/Firestone, Inc.,* 670 N.E.2d 78, 82 (Ind.Ct.App. 1996), *trans. denied.* Where, as here, relevant facts are not in dispute, construction of a statute presents a pure question of law for which summary judgment is appropriate. *Indiana Patient's Compensation Fund v. Anderson,* 661 N.E.2d 907, 908 (Ind.Ct.App. 1996), *trans. denied.* On appeal, we must determine whether the law has been correctly applied by the trial court. *City of Elkhart v. Agenda: Open Government,* 683 N.E.2d 622, 625 (Ind.Ct.App.1997), *trans. denied.* The party appealing the grant of summary judgment has the burden of persuading the court on appeal that the trial court's ruling was improper. *Jordan v. Deery,* 609 N.E.2d 1104, 1107 (Ind.1993).

### Attorney's Fees as Incidental or Consequential Damages

In this appeal, we are asked to resolve a pure question of law. Indiana Glass contends that the trial court erred when it concluded, as a matter of law, that a buyer may not recover attorney's fees as incidental or consequential damages under Indiana's UCC. The parties agree that the issue presented is one of first impression in Indiana.

■ We begin with our well-settled rule that each party to litigation is responsible for his or her own attorney's fees absent statutory authority, agreement, or rule to the contrary. *Crowl v. Berryhill,* 678 N.E.2d 828, 831 (Ind.Ct.App.1997). The contract between I & M and Indiana Glass makes no provision for the recovery of attorney's fees in the event of breach.[1] Accordingly, we address Indiana Glass's argument that

1. There is no merit to Indiana Glass's claim that the contract's silence as to the recovery of attorney's fees by either party in the event of a breach creates an ambiguity in the contract to be construed in its favor. We find silence to be the simplest way to draft a contract to indicate that no such fees are contemplated by the parties.

Indiana Code § 26–1–2–715 provides statutory authority for its proposition that a buyer is entitled to recover attorney's fees in the event of the seller's breach of the implied warranties. That section provides:

> (1) Incidental damages resulting from the seller's breach include expenses reasonably incurred in inspection, receipt, transportation and care and custody of goods rightfully rejected, and commercially reasonable charges, expenses or commissions in connection with effecting cover and any other reasonable expense incident to the delay or other breach.
>
> (2) Consequential damages resulting from the seller's breach include
>
> (a) any loss resulting from general or particular requirements and needs of which the seller at the time of contracting had reason to know and which could not reasonably be prevented by cover or otherwise; and
>
> (b) injury to person or property proximately resulting from any breach of warranty.

IND.CODE § 26–1–2–715. Although no Indiana court has had occasion to address this statutory argument under Indiana law, we have encountered this argument under Kentucky law. In *Landmark Motors v. Chrysler Credit Corp.*, 662 N.E.2d 971, 976–77 (Ind.Ct.App.1996), this Court considered whether attorney's fees were recoverable as incidental or consequential damages pursuant to Kentucky Revised Statutes § 355.2–715, a provision identical to Indiana Code § 26–1–2–715. We held that Kentucky law did not provide for the recovery of attorney's fees as incidental or consequential damages. Specifically, we relied on the Kentucky Court of Appeals decision in *Nick's Auto Sales, Inc.*

*v. Radcliff Auto Sales, Inc.*, 591 S.W.2d 709, 711 (Ky.Ct.App.1979).

In *Nick's Auto Sales*, the court addressed the question of whether attorney's fees should be included as incidental or consequential damages under the UCC and held that, in accordance with the overwhelming weight of authority from other states, attorney's fees are not recoverable under § 2–715. *Nick's Auto Sales*, 591 S.W.2d at 711 [2]. The Kentucky Court of Appeals went on to note that White and Summers, a leading authority on the UCC, has suggested that "[t]he recovery of legal fees is probably available in rare circumstances only." *Id.* (quoting JAMES J. WHITE AND ROBERT S. SUMMERS, HANDBOOK OF THE LAW UNDER THE UNIFORM COMMERCIAL CODE at 302 n. 57 (1972)).

Despite the overwhelming weight of authority from other jurisdictions indicating that attorney's fees are not recoverable under § 2–715, Indiana Glass urges us to review the specific language of that section and hold differently. First, Indiana Glass points to § 2–715(1) which provides that incidental damages include "any other reasonable expense incident to the delay or other breach." Indiana Glass argues that this language indicates that the legislature contemplated broad recovery on the part of the buyer in the event of the seller's breach, and that such recovery should include attorney's fees. Contrary to Indiana Glass's position, the commentary to subsection (1) indicates that incidental damages are the reasonable expenses incurred by the buyer in connection with the handling of rightfully rejected goods or goods whose acceptance may be justifiably revoked, or those expenses incurred in connection with effecting cover where goods are non-conforming or have not been delivered. IND.CODE § 26–1–2–715(1), cmt. 1. Attor-

---

**2.** In support of its decision, the Kentucky Court of Appeals cited: *Empire Realty Co. v. Fleisher*, 269 Md. 278, 305 A.2d 144 (1973); *Certain–Teed Products Corp. v. Goslee Roofing and Sheet Metal, Inc.*, 26 Md.App. 452, 339 A.2d 302 (1975); *Universal C.I.T. Credit Corp. v. State Farm Mut. Auto. Ins. Co.*, 493 S.W.2d 385 (Mo.Ct.App.1973); *Equitable Lumber Corp. v. IPA Land Dev. Corp.*, 38 N.Y.2d 516, 381 N.Y.S.2d 459, 344 N.E.2d 391 (1976); *Hardwick v. Dravo Equip. Co.*, 279 Or. 619, 569 P.2d 588 (1977); *Modine Mfg. Co. v. North East Indep. Sch. Dist.*, 503 S.W.2d 833

(Tex.Civ.App.1973); *Murray v. Holiday Rambler, Inc.*, 83 Wis.2d 406, 265 N.W.2d 513 (1978).

In addition to the cases cited by the Kentucky Court of Appeals *see Jacobs v. Rosemount Dodge–Winnebago South*, 310 N.W.2d 71 (Minn.1981); *Kultura, Inc. v. Southern Leasing Corp.*, 923 S.W.2d 536 (Tenn.1996); *Devore v. Bostrom*, 632 P.2d 832 (Utah 1981); *but see Cady v. Dick Loehr's, Inc.*, 100 Mich.App. 543, 299 N.W.2d 69 (1980); *Osburn v. Bendix Home Sys., Inc.*, 613 P.2d 445 (Okla.1980).

ney's fees were clearly not contemplated as recoverable under this subsection.

Next, Indiana Glass points us to the use of the broad term "any loss" in subsection (2)(a) to describe what is included in a buyer's consequential damages resulting from a seller's breach. IND.CODE § 26–1–2–715(2)(a). Again, there is no indication in the official commentary that the legislature intended for attorney's fees to be recoverable as consequential damages. Moreover, as noted by the Supreme Court of Tennessee, courts consistently have held that, despite the use of the broad language "any loss," the Code makes no change in the general rule that, regardless of the outcome of litigation, each party must bear its own legal expenses. *Kultura, Inc. v. Southern Leasing Corp.,* 923 S.W.2d 536, 540 (Tenn.1996) (citing 2 ROY RYDEN ANDERSON, DAMAGES UNDER THE UNIFORM COMMERCIAL CODE § 11.34, p. 132 (1992)).

Although we understand Indiana Glass's reliance on the language of Indiana Code § 26–1–1–106(1) which provides that the remedies provided by the UCC "shall be liberally administered to the end that the aggrieved party may be put in as good a position as if the other party had fully performed," we are also cognizant of § 1–103 which specifically states:

> Unless displaced by the particular provisions of IC 26–1, the principles of law and equity, including the law of merchant and the law relative to capacity to contract, principal and agent, estoppel, fraud, misrepresentation, duress, coercion, mistake, bankruptcy, or other validating or invalidating cause, shall supplement the provisions of IC 26–1.

IND.CODE § 26–1–1–103. As noted by the official commentary, this section emphasizes the continued applicability to commercial contracts of all supplemental bodies of law except insofar as they are explicitly displaced by the provisions of the UCC. IND.CODE

§ 26–1–1–103, cmt. 1. Section 2–715 does not explicitly provide for the recovery of attorney's fees as incidental or consequential damages and, thus, that section was not intended to abrogate the common law in Indiana regarding the recovery of attorney's fees.

We agree with the Kentucky Court of Appeals in *Nick's Auto Sales,* as well as the majority of our sister states, that attorney's fees are not recoverable as incidental or consequential damages under the UCC § 2–715.[3] The trial court properly entered summary judgment in favor of I & M.

Affirmed.

HOFFMAN and DARDEN, JJ., concur.

---

3. We note that attorney's fees have been permitted when incurred by the buyer in third-party litigation, a situation not presented here. *See Alterman Foods, Inc. v. G.C.C. Beverages, Inc.,* 168 Ga.App. 921, 310 S.E.2d 755 (1983) (buyer could recover from seller attorney's fees incurred in defense of personal injury action brought by third-party consumer); *Universal C.I.T. Credit Corp. v. State Farm Mut. Auto. Ins. Co.,* 493 S.W.2d 385 · (Mo.Ct.App.1973) (indemnitee in breach of implied warranty action could recover attorney's fees incurred in defense of suit brought by third-party).