PRESENT:  All the Justices

NICHOLAS DAVID RANGER

                                                OPINION BY

v.  Record No. 220058                      JUSTICE STEPHEN R. McCULLOUGH
                                             April 6, 2023

HYUNDAI MOTOR AMERICA

FROM THE CIRCUIT COURT OF ACCOMACK COUNTY
William Revell Lewis, III, Judge

Nicholas David Ranger appeals from the circuit court's grant of summary judgment in a case arising under Virginia's "Lemon Law," Code § 59.1-207.9 *et seq.*  The case turns on whether a proper refund under the Lemon Law includes the recovery of pre-litigation attorney's fees.  We conclude that to satisfy the refund requirements under Virginia's Lemon Law, a manufacturer is not required to pay pre-litigation attorney's fees.  Because the manufacturer's refund satisfied the requirements of the Lemon Law, we will affirm the trial court's grant of summary judgment.

BACKGROUND

Ranger purchased a new Hyundai vehicle in 2018.  Ranger experienced some problems with the vehicle, and it had to be repeatedly repaired.  He retained a lawyer, who wrote a demand letter to Hyundai.  The letter demanded a refund of the purchase price "along with all interest paid on the finance note as well as attorney fees and incidental and consequential damages."  Hyundai responded by offering to repurchase the vehicle "pursuant to the applicable statutes" and offered to pay some of the attorney's fees.  Ranger refused the offer on the basis that Hyundai failed to sufficiently reimburse him for his pre-litigation attorney's fees.  Ranger then filed a complaint, alleging, as relevant here, a violation of the Lemon Law.

Hyundai moved for summary judgment, contending that once it offered to repurchase the vehicle, it complied with the Lemon Law, and "[p]laintiff is barred from seeking relief under the statute as a matter of law." The circuit court agreed and granted Hyundai's motion for summary judgment. The court entered a final order dismissing the case with prejudice. This appeal followed.

ANALYSIS

I. COLLATERAL AND INCIDENTAL DAMAGES UNDER THE LEMON LAW.

The Lemon Law is a statutory creation. This statute offers some advantages to both consumers and manufacturers. The statute benefits consumers by prodding manufacturers to repair a vehicle, replace a vehicle, or offer a refund. The statute benefits manufacturers, because compliance avoids costly litigation – litigation that can be more expensive than the cost of repairing or replacing a vehicle, or of offering a refund. The General Assembly's stated intent is that "a good faith motor vehicle warranty complaint by a consumer should be resolved by the manufacturer, or its agent, within a specified period of time" and that "a consumer may receive a replacement motor vehicle, or a full refund, for a motor vehicle which cannot be brought into conformity with the express warranty issued by the manufacturer." Code § 59.1-207.10.

More specifically, if the manufacturer does not, or is unable to, bring a defective vehicle into conformity with the warranty within the specified time, the manufacturer must

> [a]ccept return of the motor vehicle and refund to the consumer . . . the full
> contract price, including all collateral charges, incidental damages, less a
> reasonable allowance for the consumer's use of the vehicle up to the date
> of the first notice of nonconformity that is given to the manufacturer, its
> agents or authorized dealer.

Code § 59.1-207.13(A)(2). The statute thus specifies that a proper refund includes the recovery of "collateral charges" and "incidental damages."

2

The term "collateral charges" is specifically defined to cover "any sales-related . . . charges including but not limited to sales tax, license fees, registration fees, title fees, finance charges and interest, transportation charges, dealer preparation charges or any other charges for service contracts, undercoating, rust proofing or installed options, not recoverable from a third party." Code § 59.1-207.11. This definition does not mention or contemplate attorney's fees.

The Lemon Law defines "incidental damages" by referencing the definition found in a provision of the Uniform Commercial Code. Code § 59.1-207.11 (incorporating by reference Code § 8.2-715). The definition of "incidental damages" found in the applicable provision of the Uniform Commercial Code provides that such damages

> include expenses reasonably incurred in inspection, receipt, transportation and care and custody of goods rightfully rejected, any commercially reasonable charges, expenses or commissions in connection with effecting cover and any other reasonable expense incident to the delay or other breach.

Code § 8.2-715(1). This definition of "incidental damages" also does not mention or contemplate attorney's fees. The official commentary to this provision explains that this subsection "is intended to provide reimbursement for the buyer who incurs reasonable expenses in connection with the handling of rightfully rejected goods or goods whose acceptance may be justifiably revoked, or in connection with effecting cover where the breach of the contract lies in non-conformity or non-delivery of the goods." U.C.C. § 2-715 cmt. 1. The official commentary also makes no mention of attorney's fees.

According to one writer discussing incidental damages under the U.C.C.,

> [w]hen the goods involved in the breached contract are vehicles, typical items of incidental damages include: sales tax paid on the purchase price; insurance costs following rejection or revocation; interest or finance charges paid for any loan on the purchase price; [and] the cost of license plates, storage charges,

3

and related items from the time of rejection or revocation until
entry of judgment.

Roy Ryden Anderson, *Incidental and Consequential Damages*, 7 J.L. & COM. 327, 347 (1987)

(footnotes omitted).

Although we could not find a Virginia case on point, the "overwhelming weight of

authority" from other courts concludes that attorney's fees are not available under this provision

of the Uniform Commercial Code. *Nick's Auto Sales, Inc. v. Radcliff Auto Sales, Inc.*, 591

S.W.2d 709, 711 (Ky. Ct. App. 1979) (collecting cases). We agree. Pre-litigation attorney's fees

are not a component of collateral or incidental damages under the Lemon Law. Therefore, when

a manufacturer provides a refund, it is not required to pay pre-litigation attorney's fees to satisfy

its obligations under the Lemon Law.

The Lemon Law further provides a judicial remedy in the event the manufacturer fails to

abide by its obligations under the law. "Any consumer who suffers loss by reason of a violation

of any provision of this [act] may bring a civil action to enforce such provision." Code

§ 59.1-207.14. For there to be a civil action, however, there must be a "violation of any

provision" of the Lemon Law. If there is no violation, there can be no viable civil action. A

manufacturer who has offered a refund that satisfies the Lemon Law requirements is not in

violation of the statute. The only time a consumer can recover attorney's fees is when a

consumer has filed an action and prevailed. *See id.* In that instance, the consumer is entitled to

"recover reasonable attorney's fees, expert witness fees and court costs incurred by bringing such

action[]." *Id.*

II. THE TRIAL COURT PROPERLY GRANTED SUMMARY JUDGMENT WHEN THE ONLY DISPUTE WAS OVER A CLAIM FOR PRE-LITIGATION ATTORNEY'S FEES, WHICH THE LEMON LAW DOES NOT ALLOW.

Summary judgment is appropriate in cases where no "material fact is genuinely in dispute" and the moving party is entitled to judgment as a matter of law. Va. Sup. Ct. R. 3:20; *Mount Aldie, LLC v. Land Trust of Va., Inc.*, 293 Va. 190, 196 (2017). In an appeal from a circuit court's decision to grant or deny summary judgment, we review the application of the law to undisputed facts de novo. *Deutsche Bank Nat'l Trust Co. v. Arrington*, 290 Va. 109, 114, 772 S.E.2d 571 (2015).

Virginia has long adhered to the "American Rule" for attorney's fees. Under this rule, "absent a specific contractual or statutory provision to the contrary, attorney's fees are not recoverable by a prevailing litigant from the losing litigant." *REVI, LLC v. Chi. Title Ins. Co.*, 290 Va. 203, 213 (2015) (quoting *Mullins v. Richlands Nat'l Bank*, 241 Va. 447, 449 (1991)). The Lemon Law does permit a recovery of reasonable attorney's fees, but only when a consumer (1) has suffered a violation of the Lemon Law, and (2) brings a successful action to enforce his or her rights. Code § 59.1-207.14. As noted above, although the "refund" definition includes "collateral charges," such damages, as defined in the Lemon Law, do not include attorney's fees. *See* Code § 59.1-207.11. A refund also includes "incidental damages" – but again, as defined in the statute, such damages do not include attorney's fees either. *See* Code § 8.2-715(1); *Nick's Auto Sales, Inc.*, 591 S.W.2d at 711.

The record here establishes that the manufacturer offered the consumer a refund within the intendment of the statute, and that the only dispute was over the question of whether a proper refund under the statute included pre-litigation attorney's fees. *See* Appellant's Br. at 2 ("Ranger

5

declined the offer since it did not fully reimburse his attorney's fees incurred during the pre-litigation settlement process.").

We hold that the manufacturer did not violate the Lemon Law by failing to pay pre-litigation attorney's fees because the Lemon Law does not provide for such fees. The refund offered by the manufacturer was in conformity with the requirements of the Lemon Law. The facts in dispute – the payment of and the amount of pre-litigation attorney's fees – were not material under the law because Ranger was not entitled to recover those fees. Because there was no genuine dispute of material fact, the trial court correctly granted summary judgment to Hyundai.

We hasten to add that if the manufacturer has not been able to bring a vehicle into conformity with the warranty, and also does not offer an acceptable replacement vehicle or a full refund as defined by the Lemon Law, then the consumer *can* bring an action for damages under the Lemon Law and, if the consumer prevails, recover attorney's fees. This is not such a case.

CONCLUSION

For the foregoing reasons, the judgment of the circuit court will be affirmed.

*Affirmed.*