187 N.J. Super. 141 (1982)
453 A.2d 1341
HARRY DOROFEE AND ELLEN M. DOROFEE, HIS WIFE, PLAINTIFFS-RESPONDENTS,
v.
PLANNING BOARD OF THE TOWNSHIP OF PENNSAUKEN, DEFENDANT-APPELLANT, JOHN TOCCO, DEFENDANT-RESPONDENT, AND PIETRO TOCCO AND SONS CONSTRUCTION CO., ITS SUCCESSORS OR ASSIGNS, HELEN TOCCO, FRED TOCCO AND ABAL BUILDERS, INC., DEFENDANTS.
Superior Court of New Jersey, Appellate Division.
Argued September 13, 1982.
Decided September 27, 1982.
*142 Before Judges BISCHOFF, J.H. COLEMAN and GAULKIN.
John F. Strazzullo argued the cause for appellant (John F. Strazzullo, P.A., attorney).
John Tocco, respondent, argued the cause pro se.
No appearances on behalf of respondents Harry Dorofee and Ellen M. Dorofee.
The opinion of the court was delivered by GAULKIN, J.A.D.
Defendant Planning Board of the Township of Pennsauken (Planning Board) was granted final judgment in its favor on its cross-claim against defendant John Tocco (Tocco). The judgment declared, however, "no damages sustained." The Planning Board appeals.
*143 The action was brought by plaintiffs Harry and Ellen M. Dorofee seeking damages and other relief arising out of their purchase from Tocco and his wife of an unimproved lot adjoining the Dorofees' home. The Dorofees alleged that the lot was represented by Tocco as "a corner lot" and "a building lot" when in fact it was "a landlocked parcel" and that their purchase resulted from Tocco's misrepresentations. The fourth and fifth counts of the complaint asserted that the Planning Board had approved a minor subdivision of a larger tract owned by the Toccos so as to permit the sale, and that the Planning Board had participated in the alleged "scheme to misrepresent" the nature of the lot. The Dorofees sought damages against Tocco and the Planning Board and also demanded judgment compelling the Planning Board to make the lot buildable. The Planning Board in turn cross-claimed against Tocco, alleging that it had approved the subdivision of the landlocked lot based upon his fraudulent misrepresentations that the Dorofees wanted only to merge the new lot with their original lot and not to build on the new lot. The Planning Board demanded compensatory and punitive damages, together with counsel fees, against Tocco.[1]
At the conclusion of the trial the judge found that Tocco had induced the Dorofees to purchase the lot by fraudulent misrepresentations and that he had obtained the subdivision by misrepresentations made to the Planning Board concerning the Dorofees' intentions. The judge awarded the Dorofees compensatory damages of $2,000 against Tocco, which he found to be "the diminution in the value of the property because it was not a building lot." On the Planning Board's cross-claim, the judge entered judgment against Tocco but found the Planning Board had sustained no recoverable damages. It is from that determination that the Planning Board now appeals.
*144 The only compensable loss which the Planning Board claims is the counsel fees and expenses incurred by it in this litigation. Acknowledging the limitations on the award of counsel fees imposed by R. 4:42-9, the Planning Board nevertheless urges that such litigation expenses are properly recoverable as a traditional form of damages arising out of the tortious acts which Tocco was found to have committed.
New Jersey case law does support the proposition that, although attorneys fees are not ordinarily included as damages in a fraud action, one who is forced into litigation with a third party as a result of another's fraud may recover from the tortfeasor the expenses of that litigation, including counsel fees, as damages flowing from the tort. See Hagen v. Gallerano, 66 N.J. Super. 319 (App.Div. 1961); Feldmesser v. Lemberger, 101 N.J.L. 184 (E. & A. 1925). These authorities are in accord with the principle stated in Restatement, Torts 2d, § 914:
(1) The damages in a tort action do not ordinarily include compensation for attorney fees or other expenses of the litigation.
(2) One who through the tort of another has been required to act in the protection of his interests by bringing or defending an action against a third person is entitled to recover reasonable compensation for loss of time, attorney fees and other expenditures thereby suffered or incurred in the earlier action.
See, generally, Annotation, "Right to recover as damages attorneys' fees incurred in earlier litigation with a third person because of involvement therein through a tortious act of present adversary," 45 A.L.R.2d 1183 (1956).
Our cases state similar principles with respect to the recovery of counsel fees arising out of breach of contract (e.g., Verhagen v. Platt, 1 N.J. 85 (1948); Gerhardt v. Continental Ins. Cos., 48 N.J. 291 (1966)) and arising out of malicious prosecution (e.g., Penwag Property Co., Inc. v. Landau, 76 N.J. 595 (1978)). The award of counsel fees as traditional damages in such settings is not precluded by R. 4:42-9. See Cohen v. Fair Lawn Dairies, Inc., 86 N.J. Super. 206 (App.Div. 1965), aff'd 44 N.J. 450 (1965); Pressler, Current N.J. Court Rules, Comment R. 4:42-9.
*145 Although it has been stated that no such counsel fees may be recovered for services rendered "in the same case" (Verhagen v. Platt, supra, 1 N.J. at 91; Liebeskind v. Metal Frame Acquarium Co., 58 N.J. Super. 504, 511 (App.Div. 1959)), that capsulization is not entirely accurate. In Hagen v. Gallerano, supra, where plaintiff's negligence action had been consolidated with his action to set aside a fraudulently obtained release, this court found "that the reasonable expense of the litigation to establish the invalidity of the release is an item that is recoverable in the fraud case." 66 N.J. Super. at 333. And in McMinn v. Damurjian, 105 N.J. Super. 132 (Ch.Div. 1969), the court allowed the plaintiff to recover from defendant title company, as breach of contract damages, the litigation costs associated with the pursuit of his title claims against the codefendant. It thus appears that the test of recoverability of counsel fees is not whether they were generated "in the same case" but rather whether they were incurred in "bringing or defending an action against a third person." Restatement, Torts 2d, § 914, supra. In light of our rules and case law which encourage the disposition of all related issues in a single litigation, it would surely be inappropriate to permit the recovery of counsel fees to turn on the existence of a separate and discrete proceeding. See R. 4:7; R. 4:8; R. 4:27; R. 4:38; Wm. Blanchard Co. v. Beach Concrete Co., Inc., 150 N.J. Super. 277 (App.Div. 1977), certif. den. 75 N.J. 528 (1977).
Here, then, our proper focus is on the litigation expenses associated with the Planning Board's defense of the Dorofee claims. Given the trial court finding, not challenged on the appeal, of Tocco's fraud practiced on the Dorofees and the Planning Board, we conclude that the legal expenses reasonably incurred by the Planning Board in defending the litigation which foreseeably ensued may properly be considered as damages proximately caused by the tortious conduct. Contrariwise, recovery of those expenses attributable to the prosecution of the *146 Planning Board claim against Tocco himself is interdicted by R. 4:42-9.
The trial judge refused to treat the litigation expenses as recoverable damages, however, upon his finding that "the Planning Board is a cost of government" and that "there can be no damages against Mr. Tocco for that." He apparently based that conclusion upon Bridgeton v. B.P. Oil, Inc., 146 N.J. Super. 169 (Law Div. 1976), which rejected the municipality's demand that a private landowner reimburse it for the costs allocable to the activity of the municipal fire department in preventing the spread of an oil spill at the defendant's premises. The court reasoned that
... there remains an area where the people as a whole absorb the cost of such services  for example, the prevention and detection of crime. No one expects the rendering of a bill (other than a tax bill) if a policeman apprehends a thief. The services of firefighters are within this ambit and may not be billed as a public utility. [at 179]
We do not regard this rationale to be applicable here. The Planning Board is not seeking to allocate to Tocco some part of the cost of providing the very service which it is mandated to render to the community at large. Rather, the Planning Board is asking that Tocco reimburse it for additional expenses which were incurred, not in furtherance of its usual public function but rather in defense of a litigation whose sole genesis was the fraudulent conduct of Tocco. We find nothing in the cited authorities or in any public policy which requires that the municipal agency be denied the same opportunity available to a private litigant to recoup his litigation expenses in this setting.
That portion of the judgment which determines that no damages were sustained by the Planning Board is reversed. The matter is remanded to the trial court for further proceedings to determine the amount of the recoverable damages consistent with this opinion. We do not retain jurisdiction.
NOTES
[1] Various other allegations and claims, including those by and against the remaining defendants, are omitted from this recitation since they are not germane to the single issue presented by the appeal.