JOHN NALIVAIKA *et al.*, Plaintiffs-Appellants, *v.* KELLY F. MURPHY *et al.*, Defendants-Appellees.

First District (5th Division)   No. 83—154

Opinion filed December 23, 1983.

Joseph Michael O'Callaghan and Alice E. Dolan, both of O'Callaghan and Waller, of Chicago, for appellants.

Richard T. Ryan, of Flynn, Galvin & Ryan, of Chicago, for appellees.

JUSTICE MEJDA delivered the opinion of the court:

Plaintiffs appeal from the judgment of the circuit court which denied their post-trial motion to vacate the dismissal of the amended complaint. The amended complaint was in two counts and sought recovery under separate theories for attorney fees expended in successfully defending against a lawsuit brought by third parties allegedly as a result of the actions of the defendants in this case. The issue on appeal is whether the amended complaint states a cause of action for which such attorney fees (the only element of damages claimed in the amended complaint) may be recovered. We affirm as to count II, and reverse and remand as to count I.

The amended complaint alleged that defendants Kelly F. Murphy, Stella Murphy, Joseph Nolan and Helen Nolan held legal or equitable interests in a land trust which held title to certain real property. On december 29, 1977, defendants contracted with Worth Bank and Trust on behalf of Leon Que and Amelia Que to sell the legal and beneficial interest in the property to the Ques. Defendants subsequently refused to perform the contract. Thereafter, defendants contracted with plaintiff John Nalivaika to transfer ownership of the real estate. Nalivaika was unaware of the prior contract with the Ques. Edward Vincent Theis, an attorney, whose estate and its administrator are also defendants herein, allegedly represented the other defendants in these negotiations and transactions. During the course of his representation, Theis assertedly told Nalivaika that the contract with the Ques was null and void, and that all differences with and claims by the Ques against the sellers of the property had been compromised, settled and resolved. The amended complaint further alleged that at the time these statements were made, they were false, fraudulent and misleading and made for the purpose of inducing Nalivaika to enter into the contract for the purchase of the land. In reliance on the statements, Nalivaika allegedly contracted to purchase the beneficial interest in the land trust. Subsequently, the Ques sued plaintiffs as owners of the property, alleging that plaintiffs had violated the Ques' civil rights. Count I of the amended complaint asserted that as a result of the

fraudulent misrepresentations to Nalivaika, plaintiffs had incurred legal fees, costs and expenses of $13,940.30, and prayed for damages in that amount.

Count II of the amended complaint was based on the same facts as count I, but alleged a different theory of recovery. Count II alleged that plaintiffs and defendants had entered into a written indemnity agreement which provided that defendants Kelly Murphy, Stella Murphy, Joseph Nolan and Helen Nolan "agree to indemnify John S. Nalivaika and his heirs from any claim of Worth Trust #2568 & Mrs. Amelia Que."

As already indicated, the trial court granted the defendants' motion to dismiss the complaint and subsequently dismissed the Murphys and Nolans with prejudice.

OPINION

The case is before this court on the allowance of defendants' motion to dismiss the complaint. (See Ill. Rev. Stat. 1981, ch. 110, par. 2—615.) "This motion admits all well-pleaded facts in the complaint and they must be taken as true." (*Davis v. Weiskopf* (1982), 108 Ill. App. 3d 505, 509, 439 N.E.2d 60.) "A motion to dismiss is a motion directed at the legal sufficiency of the pleadings. [Citation.] The motion should be granted only if it is clear that plaintiffs can prove no set of facts which will entitle them to relief." (*Alper Services, Inc. v. Wilson* (1980), 85 Ill. App. 3d 908, 911, 407 N.E.2d 677.) Our analysis of the amended complaint will be guided by these standards.

Count I of the amended complaint adequately alleges facts constituting the tort of fraudulent misrepresentation (see generally *Soules v. General Motors Corp.* (1980), 79 Ill. 2d 282, 286, 402 N.E.2d 599), and defendants do not contest the legal sufficiency of these allegations. Accordingly, we proceed to the primary issue on appeal, which is whether attorney fees expended by plaintiffs in defending the action brought by the Ques may be recovered from defendants under the facts alleged in the amended complaint.

Count I alleges that as a result of the fraudulent misrepresentations made by defendants, plaintiffs suffered damages "in that they incurred legal fees, costs and expenses in the amount of *** $13,940.30 *** in an effort to defend against" the Ques' lawsuit. "The general rule in Illinois is that one who commits an illegal or wrongful act is liable for all of the ordinary and natural consequences of his act." (*Sorenson v. Fio Rito* (1980), 90 Ill. App. 3d 368, 371, 413 N.E.2d 47.) Defendants assert, however, that absent a statute or contractual agreement, costs and attorney fees are not recoverable.

While this statement correctly formulates the "American rule" (see generally *Fleischmann Distilling Corp. v. Maier Brewing Co.* (1967), 386 U.S. 714, 717-18, 18 L. Ed. 2d 475, 478, 87 S. Ct. 1404, 1406-07; Restatement (Second) of Torts sec. 914, comment *a* (1979)), that rule has no application in the instant case. Care must be taken to distinguish between the rule prohibiting the recovery of attorney fees from the losing party by the prevailing party in litigation and the rule allowing the recovery of attorney fees incurred in litigation with third parties necessitated by defendants' wrongful act. (See Restatement (Second) of Torts sec. 914 (1979).) The rule against allowance of attorney fees "only forbids recovery of such fees incurred in litigation with the tortfeasor himself." (Dobbs, Remedies sec. 9.2, at 599 (1973); see *Sorenson v. Fio Rito* (1980), 90 Ill. App. 3d 368, 372, 413 N.E.2d 47.) Where the attorney fees sought by the plaintiff are those incurred in actions with third parties brought about by a defendant's misconduct, the litigation expenses are merely a form of damages and are accordingly recoverable from the defendant. (90 Ill. App. 3d 368, 372; see also *Hiss v. Friedberg* (1960), 201 Va. 572, 112 S.E.2d 871.) In applying the "no recovery" rule, the supreme court also recognized the distinction between that rule and the ordinary damages rule:

> "While it is recognized that where the natural and proximate consequences of a wrongful act have been to involve the plaintiff in litigation with others, there may be a recovery in damages against the author of such act, measured by the reasonable expenses incurred in such litigation, (*Choukas v. Severyns*, 99 Pac. (2d) 942, 3 Wash. (2d) 91,) yet the rule is equally well established that where an action based on the same wrongful act has been prosecuted by the plaintiff against the defendant to a successful issue, he cannot in a subsequent action recover, as damages, his costs and expenses in the former action." (*Ritter v. Ritter* (1943), 381 Ill. 549, 554-55, 46 N.E.2d 41.)

In the instant case, plaintiffs seek damages against defendants for litigation expenses incurred in defending a suit brought by third parties. The allegations of the amended complaint are accordingly outside the scope of the "no recovery" rule. Further, because the defense of the Ques' suit was necessary to protect plaintiffs' interests, the litigation expenses reasonably incurred in that suit are recoverable. (See Restatement (Second) of Torts sec. 914, comment *b*, Illustration 2 (1979).) The cases relied upon by defendants are adequately distinguished in *Sorenson.* (*Sorenson v. Fio Rito* (1980), 90 Ill. App. 3d 368, 373-74, 413 N.E.2d 47.) We hold, therefore, that the trial court erred in dismissing count I of the amended complaint.

■ Count II of the amended complaint sought recovery under an express indemnity theory for litigation expenses incurred in defending against the Ques' lawsuit. The indemnity agreement provided that defendants "further agree to indemnify John S. Nalivaika and his heirs from any claim of Worth Trust #2568 & Mrs. Amelia Que." Attorney fees are recoverable where required by the specific terms of a written contract of indemnity. (*Montgomery Ward & Co. v. Wetzel* (1981), 98 Ill. App. 3d 243, 253, 423 N.E.2d 1170.) In the instant case, the indemnity agreement does not mention attorney fees and the agreement is therefore not specific enough to support the allowance of such fees. The trial court correctly allowed the defendants' motion with regard to count II.

For the reasons previously indicated, the judgment of dismissal as to count II is affirmed and as to count I is reversed and the cause remanded.

Affirmed in part; reversed in part and remanded.

SULLIVAN and LORENZ, JJ., concur.