of the service of a copy of said order upon defendant. We do not retain jurisdiction.

GREAT SOUTHWEST FIRE INSURANCE COMPANY, A CORPORA-
TION OF THE STATE OF ARIZONA, PLAINTIFF-APPELLANT,
v. BOLIVAR AND ANGELA GONZALES, DEFENDANTS-RE-
SPONDENTS.

Superior Court of New Jersey
Appellate Division

Submitted May 6, 1985—Decided May 29, 1985.

Before Judges McELROY and DREIER.

*Methfessel & Werbel,* for appellant (*Richard A. Grodeck,* on the brief).

No brief for respondents was timely filed.

The opinion of the court was delivered by

DREIER, J.A.D.

Plaintiff has appealed from a summary judgment granted by Judge Gascoyne dismissing its claims for legal fees and costs incurred in defending a prior action brought by defendant to recover insurance proceeds following a fire loss. The jury in that action found for defendant (plaintiff here), ostensibly on the basis of a fraud perpetrated by the insureds.

Plaintiff contends that the line of cases including *Feldmesser v. Lemberger,* 101 *N.J.L.* 184 (E. & A.1925); *Hagen v. Gallerano,* 66 *N.J.Super.* 319 (App.Div.1961) and *Dorofee v. Pennsauken Planning Board,* 187 *N.J.Super.* 141 (App.Div.1982) (not cited by plaintiff, but apposite to this discussion) warrants imposition of legal fees where a party has prevailed in a fraud claim. We determine that this line of cases fails to provide a basis for plaintiff's claim. The justification for the award of fees in these cases is that a party has been forced into prosecuting or defending a separate action by virtue of fraud, other tortious conduct or even, in limited situations, a contractual breach of another. *Dorofee,* 187 *N.J.Super.* at 144.

This suit is presented as if plaintiff applied for counsel fees in the insurance litigation, but there was no third party claim against plaintiff either in that suit or in any other litigation. Plaintiff merely prevailed in its rescission claim against its insureds' efforts to enforce the policy. Such litigation provides no basis for a claim for counsel fees under the cases described in *Dorofee,* 187 *N.J.Super.* at 144–45, nor is such litigation included within the types of actions for which counsel fees may be awarded under *R.* 4:42–9(a)(6), which permits a fee "in an

action upon a liability or indemnity policy of insurance, in favor of a successful *claimant.*" [Emphasis added]. It would strain the plain meaning of the word "claimant" to read it as encompassing the insurer.

Plaintiff has also requested its other costs in the earlier action. Insofar as these costs are awardable either under *N.J.S.A.* 22A:2–8 or *R.* 4:42–8, a timely application for the same may be made. We note that if deposition costs are claimed the statute requires an order of the court before such costs may be taxed. Any application therefor should be made to the trial court.

The summary judgment appealed from is affirmed.