**MASONIC TEMPLE ASSOCIATION OF CRAWFORDSVILLE,**
Appellant–Plaintiff,

v.

**INDIANA FARMERS MUTUAL INSURANCE COMPANY,**
Appellee–Defendant.

No. 54A01–0409–CV–416.

Court of Appeals of Indiana.

Nov. 29, 2005.

James E. Ayers, Wernle, Ristine & Ayers, Linden, for Appellant.

Mark R. Smith, Smith Fisher Maas & Howard, P.C., Indianapolis, for Appellee.

## OPINION

KIRSCH, Chief Judge.

Masonic Temple Association of Crawfordsville ("Masonic Temple") appeals the trial court's grant of summary judgment in

favor of Indiana Farmers Mutual Insurance Company ("Indiana Farmers") on Masonic Temple's claim for damages in its breach of contract complaint. Masonic Temple raises two issues, which we restate as:

I. Whether the trial court abused its discretion when it struck portions of the affidavit of Michael McKeown and

II. Whether the trial court properly granted Indiana Farmers' summary judgment motion on Masonic Temple's damage claims.

We reverse and remand.

## FACTS AND PROCEDURAL HISTORY

This court previously described the background facts as follows:

During late 1999 and early 2000, the City of Crawfordsville, Indiana was constructing a new Police Department building adjacent to the north side of the Masonic Temple. In mid-December, the construction crew undertook excavation to a depth of six to seven feet deeper than the footing of the Masonic Temple. Concrete was poured in late December, before a period of cold weather and the holidays, during which the excavation area apparently remained exposed and lacking a retaining wall to provide soil support. A rainstorm occurred on February 17 and 18, 2000.

On February 19, 2000, the Secretary of the Masonic Temple discovered cracks in the walls and ceiling of the kitchen. Further investigation revealed damage to the exterior brick walls and throughout every level of the building, including the basement. The Masonic Temple implemented emergency procedures to prevent further deterioration or collapse.

On February 19, 2000, Masonic Temple notified its insurer, Indiana Farmers, of the loss.

. . . .

On June 23, 2000, Indiana Farmers denied the Masonic Temple's claim, citing an "earth movement" exclusion and further claiming that the loss did not fall within additional "collapse coverage" because the building did not totally collapse. The parties subsequently communicated by letter, each citing case law allegedly favorable to its proposed definition of "earth movement." On June 28, 2000, Indiana Farmers offered in writing to initiate a declaratory judgment action, contingent upon the submission of a joint stipulation of facts to the trial court.

On August 4, 2000, the Masonic Temple filed its Complaint for Declaratory Relief, asserting that its loss was due to faulty construction excavation methods and requesting that the trial court determine its right to coverage under the Indiana Farmers policy. Farmers filed third party complaints against the contractors, engineers and architects involved in the City of Crawfordsville construction project.

*Masonic Temple Ass'n of Crawfordsville v. Ind. Farmers Mut. Ins. Co.*, 779 N.E.2d 21, 24–25 (Ind.Ct.App.2002), *trans. denied.*

On May 22, 2001, Masonic Temple amended its complaint to include a bad faith/punitive damages claim against Indiana Farmers. *Appellant's App.* at 90–94. On February 5, 2002, the trial court granted partial summary judgment on the bad faith claim in favor of Indiana Farmers. *Appellee's App.* at 461–62. On an interlocutory appeal, this court affirmed the grant of summary judgment. *See Masonic Temple*, 779 N.E.2d at 30.

On May 8, 2002, Masonic Temple amended its complaint to include direct

negligence claims against the contractors, engineers, and architects involved in the construction project as well as the City of Crawfordsville. *Appellant's App.* at 95–104. In early March of 2003, all parties participated in a mediation/settlement conference, which resulted in a settlement agreement. *Appellant's App.* at 131–45. In the typed settlement agreement, Masonic Temple released all of its claims except the following claim against Indiana Farmers:

> a. The Masons' breach of contract claim against Farmers shall remain pending, but said claim is limited to those damages consisting of:
>
> i. Attorney Fees
>
> ii. Litigation Expenses
>
> iii. Costs
>
> iv. Investigation Costs and Expenses
>
> And will be limited to $100,000 . . .

*Appellant's App.* at 134. The settlement agreement also stated:

> Any prior negotiations, discussions or agreements are merged into this agreement, shall not operate to alter, modify, impair or affect this agreement or the interpretation of this agreement, and are inadmissible as evidence in any legal proceedings. This agreement supercedes any prior agreements, written or oral, respecting the subject matter hereof.

*Appellant's App.* at 137.

On March 9, 2004, Indiana Farmers filed a motion for summary judgment, arguing that even if Masonic Temple prevailed in its breach of contract claim, the claims for attorney fees, litigation expenses, costs, and investigation costs and expenses were not recoverable damages under that claim and also that Masonic Temple had released some of its claims. *Appellant's App.* at 111–22. Masonic Temple responded and,

in its response, included an affidavit of its president, Michael McKeown ("the McKeown affidavit"), which attempted to authenticate a prior, handwritten version of the typed settlement agreement and also attempted to define various terms contained in the settlement agreement. *Appellant's App.* at 164–66.

Indiana Farmers moved to strike portions of this affidavit, claiming that it violated the parol evidence rule, ADR Rule 2.12 concerning the confidentiality of mediation communications, Indiana's "four corners rule" of contract construction, and the merger clause in the settlement agreement, and also that it constituted an impermissible attempt to define legal terms by a layperson. *Appellee's App.* at 561–71. A hearing was held on the motion for summary judgment on July 21, 2004. On July 29, 2004, the trial court ordered paragraphs 5–12 of the McKeown affidavit and the handwritten version of the agreement to be stricken from the record. *Appellant's App.* at 83–84. On the same date, the trial court also granted Indiana Farmers' motion for summary judgment, stating:

> 1. Pursuant to Trial Rule 56, there are no genuine issues of material fact upon any of the specifications reserved in the parties' Settlement Agreement except for the specification delineated as "Costs." The Court finds, therefore, that the Defendant, Indiana Farmers Mutual Insurance Company, is entitled to judgment as a matter of law upon all specifications of damages including attorney fees, litigation expenses, and investigations costs and expenses. The Court finds that the issue as to who should pay costs may be litigated at a trial, but that costs are nominal and generally represent little more than filing fees.

IT IS THUS ORDERED, ADJUDGED AND DECREED that Indiana Farmers Mutual Insurance Company is entitled to judgment as a matter of law upon their motion for judgment against the balance of Masonic Temple Association of Crawfordsville's Amended Complaint, except for the issue of costs.

*Appellant's App.* at 285–86. The trial court certified its ruling as a final judgment on the partial summary judgment order. Masonic Temple now appeals.

## DISCUSSION AND DECISION

■ As an initial matter, Indiana Farmers contends that Masonic Temple's appeal should be dismissed due to the failure of Masonic Temple to comply with several rules of appellate procedure. Indiana Farmers first claims that Masonic Temple did not include several documents in its appendix that are necessary for resolution of the issues raised on appeal as required by Indiana Appellate Rule 50(A). Under this rule, appellants should include within their appellant's appendix all documents relating to the disposition of the motion for summary judgment, including any documents that appellee designated and filed with the trial court. *Kelly v. Levandoski,* 825 N.E.2d 850, 856 (Ind.Ct.App.2005), *trans. denied.* Although failure to include documents designated as evidence by the appellee may result in waiver of the appellant's claim that the trial court erred in granting summary judgment, we prefer to decide issues on their merits when possible. *See Hughes v. King,* 808 N.E.2d 146, 147–48 (Ind.Ct.App.2004). Despite Masonic Temple's failure to include some of the documents, Indiana Farmers provided the documents in its Appellee's Appendix. Therefore, we can decide the issues on their merits.

■ Indiana Farmers also contends that Masonic Temple's brief fails to comply with Indiana Appellate Rule 46(A)(5) and (6), which requires that both the statement of the case and the statement of facts be supported by reference to the record on appeal or appendix and that it also fails to comply with Appellate Rule 50(C), which requires that the table of contents of the appendix list each item in the appendix including the item's date. Although every factual statement was not supported by a citation to the record and the table of contents did not contain a date for every item, Masonic Temple has substantially complied with the Appellate Rules and our review has not been thwarted. *See Calvary Temple Church, Inc. v. Paino,* 555 N.E.2d 190, 192 n. 4 (Ind.Ct.App.1990). We now turn to the merits of this case.

## I. The McKeown Affidavit

■ Masonic Temple argues that the trial court erred when it ordered portions of the McKeown affidavit stricken from the record. Indiana Farmers contends that Masonic Temple has waived review of this issue because it failed to include in its brief any citation to the record or controlling authority to support its argument. We agree. Masonic Temple's sole argument in its appellant brief on this issue is as follows:

The investigation expenses, again, were reserved as a damage item and therefore recoverable. These included all expenses required to investigate, diagnose, and address the causes of damage to the Temple, including engineering expenses associated with the diagnosis and repair. This was the intent of the parties, and if the term was at all ambiguous, the affidavit of Michael McKeown was offered to clarify it. It was error for the trial court to strike the affidavit of Michael McKeown, as such affidavit would have assisted the Court in interpreting the *undefined* terms of the agreement, or

any of the other ambiguities in the settlement agreement. *Appellant's Br.* at 13. An appellant's argument must contain his contentions on the issues presented, support by cogent reasoning, and each contention must be supported by citations to the authorities, statutes, and the appendix or parts of the record relied on. Ind. Appellate Rule 46(A)(8)(a); *Watson v. Auto Advisors, Inc.,* 822 N.E.2d 1017, 1027 (Ind.Ct.App. 2005), *trans. denied.* A party waives any issue for which it fails to provide argument and citations. *Watson,* 822 N.E.2d at 1027. Because Masonic Temple's assertion is not supported by cogent reasoning or any citation to authority, it is waived and we are unable to address it on appeal.

## II. Summary Judgment Motion

When reviewing a grant or denial of summary judgment, we apply the same standard as the trial court: summary judgment is only appropriate when the designated evidence shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C); *Jacobs v. Hilliard,* 829 N.E.2d 629, 632 (Ind. Ct.App.2005), *trans. denied.* The burden is on the moving party to designate sufficient evidence to eliminate any genuine issues of material fact, and when this requirement is fulfilled, the burden shifts to the nonmoving party to come forth with contrary evidence. *Jacobs,* 829 N.E.2d at 632. We construe all facts and reasonable inferences to be drawn from those facts in favor of the nonmoving party. *Id.*

█ Masonic Temple initially argues that the trial court's grant of summary judgment should be reversed because there still remain genuine issues of fact regarding whether Indiana Farmers breached the contract between the parties. The motion for summary judgment by Indiana Farmers did not address the issue of whether the insurance policy had been breached; instead it only addressed whether the damages claimed by Masonic Temple were recoverable if the contract had been breached. *See Appellant's App.* at 111–21. The trial court only found summary judgment as to the specified damages, including attorney fees, litigation expenses, and investigation costs and expenses. *See Appellant's App.* at 285–86. Therefore, this argument is outside the scope of the trial court's grant of summary judgment and is not available for appeal at this time.

█ Masonic Temple next contends that the trial court erred when it entered summary judgment against it as to the specified damages because those damages are appropriate in a breach of contract action when the breaching party's actions require the non-breaching party to maintain a legal action against a third party. Generally, damages claimed for a breach of contract must be the natural, foreseeable, and proximate consequence of the breach. *INS Investigations Bureau, Inc. v. Lee,* 784 N.E.2d 566, 577 (Ind.Ct.App. 2003), *trans. denied.* " 'Consequential damages may be awarded on a breach of contract claim when the non-breaching party's loss flows naturally and probably from the breach and was contemplated by the parties when the contract was made' and are generally limited to 'reasonably foreseeable economic losses.' " *Berkel & Co. Contractors, Inc. v. Palm & Assocs., Inc.,* 814 N.E.2d 649, 658 (Ind.Ct.App. 2004) (quoting *Johnson v. Scandia Assocs., Inc.,* 717 N.E.2d 24, 31 (Ind.1999)).

█ Indiana follows the general rule that each party to a litigation must pay his own attorney fees. *Ind. Glass Co. v. Ind. Mich. Power Co.,* 692 N.E.2d 886, 887 (Ind.Ct.App.1998). Therefore, attorney fees are not allowable in the absence of a

statute, agreement, or rule to the contrary. *Id.* In this case, there is no statute, provision in the insurance policy, or recognized rule in Indiana that would allow the recovery of such fees. Instead, Masonic Temple urges this court to adopt an exception to the general rule that attorney fees are not recoverable by a prevailing party. This exception would allow recovery of attorney fees when they are incurred in actions with third parties brought about by a defendant's misconduct because the litigation expenses are merely a form of damages caused by the defendant's misconduct and are therefore recoverable from the defendant.

Several other jurisdictions have adopted this exception. *See Nalivaika v. Murphy,* 120 Ill.App.3d 773, 76 Ill.Dec. 341, 458 N.E.2d 995 (1983) (finding that because third-party litigation was necessary to protect plaintiffs' interests, litigation expenses reasonably incurred in suit were recoverable); *Sorenson v. Fio Rito,* 90 Ill.App.3d 368, 45 Ill.Dec. 714, 413 N.E.2d 47 (1980) (finding that attorney fees could be awarded when fees constitute ordinary losses resulting from defendant's conduct); *First Fiduciary Corp. v. Blanco,* 276 N.W.2d 30 (Minn.1979) (stating that when the wrongful act of the defendant thrusts the plaintiff into litigation with a third person, the plaintiff may recover from the defendant the expenses incurred in conducting the litigation against the third party, including attorney fees); *Dorofee v. Planning Bd. of Pennsauken,* 187 N.J.Super. 141, 453 A.2d 1341 (App.Div.1982) (stating that state's cases allow recovery of counsel fees when one is forced into litigation with a third party because of a defendant's breach of contract); *Shindler v. Lamb,* 25 Misc.2d 810, 211 N.Y.S.2d 762 (N.Y.Sup.Ct.1959) (recovery of reasonable attorney fees and other expenses allowed when a person is involved in litigation with a third party because of the wrongful act of defendant);

*Collier v. Heinz,* 827 P.2d 982 (Utah Ct. App.1992) (stating that exception exists for recovery of attorney fees as consequential damages when defendant's breach of contract foreseeably caused the plaintiff to incur attorney fees through litigation with a third party); *Welch v. LaGue,* 141 Vt. 644, 451 A.2d 1133 (1982) (finding that defendant's breach caused the plaintiff to become involved in litigation with a third party to protect its interests and litigation expenses were recoverable); *Kremers–Urban Co. v. Am. Employers Ins. Co.,* 119 Wis.2d 722, 351 N.W.2d 156 (1984) (recognizing that attorney fees and expenses incurred in third-party litigation may be recovered when they are the natural and proximate result of the breach of contract or other wrongful act which has caused the plaintiff to become involved in litigation with third parties).

The elements of this third-party litigation exception have been set out as follows: (1) the plaintiff became involved in litigation either because of a breach of contract by the defendant, or because of defendant's tortious conduct, that is, that the party sought to be charged with the fees was guilty of a wrongful or negligent act or breach of agreement; (2) the litigation was with a third party, not with the defendant from whom the fees are sought to be recovered; and (3) the attorneys fees were incurred in that third-party litigation. *W. Sunview Props. LLC v. Federman,* 338 F.Supp.2d 1106, 1127–28 (D.Haw.2004). "Care must be taken to distinguish between the rule prohibiting the recovery of attorney fees from the losing party by the prevailing party in litigation and the rule allowing the recovery of attorney fees incurred in litigation with third parties necessitated by defendants' wrongful act." *Nalivaika,* 76 Ill.Dec. 341, 458 N.E.2d at 997. When applying this exception, it is important to determine whether the action

for which the attorney fees are claimed is brought or defended by a third party, a party that is not part of the contract, agreement, or events that caused the original litigation to arise. *Welch,* 451 A.2d at 1135.

Although this court has not yet recognized an exception for expenses incurred in foreseeable litigation with third parties, we recently stated that when an insurer has been found to have breached its duty to defend, the recovery of defense fees in a third-party litigation is not precluded if the fees were incurred after the insured party had given notice to the insurer of a third-party suit brought against it. *Liberty Mut. Ins. Co. v. OSI Indus., Inc.,* 831 N.E.2d 192, 204 n. 9 (Ind.Ct.App.2005), *trans. denied.* In that case, the insured parties brought a declaratory judgment action against their insurer alleging a breach of the insurer's duty to defend the parties in a third-party litigation. *Id.* at 196–97. The trial court ordered the insurance company to pay the litigation expenses incurred by the insured parties in defending the third-party action. *Id.* at 197. On appeal, we found that the insurance company was not liable for any fees or costs that were incurred before the insured parties gave notice to the insurance company pursuant to the policy, but we remanded the case back to the trial court for a calculation of the fees and costs incurred after notice was given. *Id.* at 204.

■ We therefore adopt in Indiana the third-party litigation exception that has been adopted in many other jurisdictions. When the defendant's breach of contract caused the plaintiff to engage in litigation with a third party to protect its interests and such action would not have been necessary but for defendant's breach, attorney fees and litigation expenses incurred in litigation with a third party may be recov-

ered as an element of plaintiff's damages from defendant's breach of contract. These attorney fees and litigation expenses are foreseeable damages, which should be contemplated by an insurance company when it denies a claim. "In holding the defendant liable for the plaintiff's losses, we are not violating the policy against 'penalizing' a litigant for defending a lawsuit. We are simply following the general rule of requiring a wrongdoer to bear the consequences of his misconduct." *Sorenson,* 45 Ill.Dec. 714, 413 N.E.2d at 52.

■ Indiana Farmers argues that the exception should be limited to situations involving fraud or when the plaintiff requests that the defendant pursue a claim against a third party, the defendant refuses to pursue the claim, and the plaintiff then pursues an independent claim against the third party in a collateral litigation. As set out above, the elements of this exception are: (1) the plaintiff became involved in a legal dispute because of the defendant's breach of contract or other wrongful act; (2) the litigation was with a third party and not the defendant; and (3) the fees were incurred in that third-party litigation. There is no requirement that the defendant first refuse the plaintiff's request to pursue a claim against the third party. The important inquiry for this third-party litigation exception is whether the fees and expenses that the plaintiff seeks to recover were incurred through litigation with a third party and not with the defendant from whom the damages are sought. *See Nalivaika,* 76 Ill.Dec. 341, 458 N.E.2d at 997; *Welch,* 451 A.2d at 1135.

■ It is also not a requirement that the litigation with the third party caused by the defendant's wrongful act be in a separate action. The test of recoverability of attorney fees is not whether they were incurred in a separate action, but whether

they were incurred in an action against a third party. *Dorofee,* 453 A.2d at 1344. "In light of our rules and case law which encourage the disposition of all related issues in a single litigation, it would surely be inappropriate to permit the recovery of counsel fees to turn on the existence of a separate and discrete proceeding." *Id.*

 In the present case, Masonic Temple became involved in the third-party litigation with the contractors because of a denial of its insurance claim by Indiana Farmers, which Masonic Temple contends is a breach of contract. The litigation, from which Masonic Temple is seeking to recover the fees, was with a third party, the contractors, and not with Indiana Farmers, and the fees and expenses that they seek were incurred in that third-party litigation. Therefore, because Indiana Farmers' breach of contract caused Masonic Temple to engage in litigation with a third party in order to protect its rights and this action would not have been necessary without Indiana Farmers' breach, the attorney fees and litigation expenses incurred in the litigation with the third party may be recovered as an element of Masonic Temple's damages. These damages were foreseeable damages, and Indiana Farmers should have contemplated that Masonic Temple would incur legal expenses against the contractors when it denied Masonic Temple's claim.

Accordingly, we vacate the trial court's grant of summary judgment and remand to the trial court to determine if Indiana Farmers breached its contract with Masonic Temple when it denied its insurance claim. If Indiana Farmers is found to have committed a breach of contract, then the trial court must look at Masonic Temple's damages and differentiate between the damages incurred pursuing the original declaratory judgment claim against Indiana Farmers and the damages incurred in the third-party litigation with the contractors, which was precipitated by the breach of contract.

Reversed and remanded.

MAY, J., and ROBB, J., concur.