130 Nev., Advance Opinion 17

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| JUN LIU,<br>Appellant,<br>vs.<br>CHRISTOPHER HOMES, LLC, A NEVADA LIMITED LIABILITY COMPANY; AND CHRISTOPHER HOMES RIDGES, LLC, A NEVADA LIMITED LIABILITY COMPANY,<br>Respondents. | No. 61435<br><br>**FILED**<br><br>MAR 2 7 2014<br><br>TRACIE K. LINDEMAN<br>CLERK OF SUPREME COURT<br>BY<br>CHIEF DEPUTY CLERK |



Appeal from a district court judgment in a real property action. Eighth Judicial District Court, Clark County; Susan Johnson, Judge.

*Affirmed in part, reversed in part, and remanded.*

Pengilly Robbins Slater and James W. Pengilly and Craig D. Slater, Las Vegas,
for Appellant.

The Hayes Law Firm and Dale A. Hayes, Jr., Las Vegas,
for Respondents.

BEFORE GIBBONS, C.J., DOUGLAS and SAITTA, JJ.

*OPINION*

By the Court, SAITTA, J.:

The court in *Sandy Valley Associates v. Sky Ranch Estates Owners Association* stated that when a defendant's breach of contract with a plaintiff causes the plaintiff to incur attorney fees in his or her defense in a legal dispute that is brought by another party, the plaintiff can

14-09678

recover from the defendant the attorney fees as damages that arose from the breach of the contract. 117 Nev. 948, 957, 35 P.3d 964, 970 (2001). The *Sandy Valley* court also stated, "Attorney fees may . . . be awarded as damages in those cases in which a party incurred the fee . . . in clarifying or removing a cloud upon the title to property." *Id.* The court in *Horgan v. Felton* retreated from this latter statement about the recovery of attorney fees in cloud-on-title cases, stating that "in cases concerning title to real property, attorney fees are only allowable as special damages in slander of title actions, not merely when a cloud on the title to real property exists." 123 Nev. 577, 579, 170 P.3d 982, 983 (2007). It held that slander of title was a prerequisite for a plaintiff to "recover as damages the expense of legal proceedings necessary to remove a cloud on the plaintiff's title." *Id.* at 584-85, 170 P.3d at 987.

Here the district court relied on *Horgan* in denying appellant Jun Liu's specially pleaded request to recover attorney fees from respondents Christopher Homes Ridges, LLC (CHR), and Christopher Homes, LLC (CH), concluding that because the breach of contract related to title to real property, and because Liu failed to allege and prove slander of title, she could not recover the attorney fees that she sought as special damages. We conclude that the district court erred in rejecting as a matter of law Liu's claim for attorney fees as special damages, as *Horgan* does not apply to preclude such recovery here. Although *Horgan* held that slander of title must be pleaded as a prerequisite for a party to recover attorney fees as damages in an action to clarify or remove a cloud on title to real property, that opinion did not retreat from the portion of *Sandy Valley* which held that a party, such as Liu, may recover attorney fees incurred in defending against third-party litigation because of CHR's or CH's breach of contract. *Horgan*, 123 Nev. at 583-86, 170 P.3d at 986-88.

SUPREME COURT
OF
NEVADA

(O) 1947A

Accordingly, we reverse the district court's judgment to the extent that it denied Liu's request for special damages and affirm all other aspects of the district court's judgment. We remand this matter to the district court for proceedings consistent with this opinion.

## FACTS AND PROCEDURAL HISTORY

Liu's appeal only challenges the district court's legal determinations regarding the recovery of attorney fees as special damages. Thus, our discussion of the facts is based on the district court's findings of fact, which Liu does not contest or seek to undo on appeal.

CHR was the developer of a residential community that hired CH as a general contractor for the construction of homes within its community. CH subcontracted with K&D Construction, LLC, for various construction services. One of the homes upon which K&D performed its services was Liu's. Liu had purchased the home from CHR pursuant to a contract (the Agreement), wherein CHR agreed to convey good and marketable title to Liu at the close of escrow. As K&D performed its construction services at CHR's residential community, K&D was neither timely nor fully paid. As a result, K&D recorded liens on various properties within CHR's residential community, including Liu's property.

In addition, K&D filed a civil action against CHR, CH, Liu, and other homeowners. In its complaint, K&D sought to foreclose on its liens on numerous properties, including Liu's property. Liu filed an answer to K&D's complaint and a cross-claim against CHR and CH. She asserted a breach of contract claim against CHR and CH, alleging that they breached their duty under the Agreement to deliver good and marketable title when they failed to pay the debts to K&D that resulted in a lien on her property. Under this claim, Liu tried to recover from CHR and CH the attorney fees and costs that she allegedly incurred in

SUPREME COURT
OF
NEVADA

(O) 1947A

3

defending herself against K&D's action. She also sought attorney fees that she incurred in prosecuting her claim for attorney fees.

K&D, CHR, and CH entered into a stipulated agreement that resolved the payments of the outstanding balances owed to K&D, dismissed K&D's claims against Liu, and resulted in the discharge and removal of K&D's liens. After the dismissal of K&D's claims, Liu's claims against CHR and CH remained, including the claim to recover attorney fees as damages that allegedly arose from the breach of the Agreement.

Before the district court, Liu contended that, pursuant to *Sandy Valley*, she could recover attorney fees as special damages that were caused by the breach of the Agreement by CH and CHR. The district court determined otherwise, concluding that CHR, not CH, possessed and breached a contractual duty to deliver good and marketable title to Liu when a lien was imposed on Liu's property because of unpaid debts to K&D. Relying on *Horgan*, the district court resolved that, as a matter of law, Liu could not recover attorney fees as special damages. According to the district court's interpretation of *Horgan*, Liu was required to prove slander of title in order to recover attorney fees as special damages, which the district court found that she failed to do. As a result, Liu filed this appeal challenging the district court's determinations regarding the recovery of attorney fees as special damages.

## DISCUSSION

Liu argues that the district court erred in relying on *Horgan* for its conclusion that her failure to assert and prevail on a slander of title claim prevented her from recovering attorney fees as special damages in an action that related to the title to real property. She contends that *Horgan* does not bar a party from recovering attorney fees as special damages when the civil action incidentally pertains to title to real

property. Liu reads *Horgan* to disallow attorney fees that stem from an action in which a claimant tries to remove a cloud on title but fails to prove slander of title. She emphasizes that she did not seek attorney fees as special damages from an action to remove a cloud on title but rather as special damages that resulted from CHR's breach of contract. Liu argues that *Sandy Valley* permits the recovery of attorney fees as special damages that arise from a breach of contract and thus her attorney fees claim below was not barred as a matter of law.

CHR and CH respond that the district court did not err in finding against Liu on her claim for recovery of attorney fees as special damages. They read *Horgan* to provide that a party, such as Liu, who fails to assert and prevail on a slander of title claim in an action relating to the title to real property cannot recover attorney fees as special damages.

These arguments indicate that there is confusion over (a) *Sandy Valley*'s and *Horgan*'s effect on the law regarding the recovery of attorney fees as special damages and (b) the extent to which *Horgan* retreated from *Sandy Valley*'s discussion about the grounds for recovering attorney fees as special damages. We take this opportunity to clarify our precedent. In so doing, because the arguments concern the district court's application of caselaw to Liu's claims for attorney fees, we review these legal issues de novo.[1] *See Thomas v. City of N. Las Vegas*, 122 Nev. 82, 90,

---

[1]In addition to the arguments above, CHR contends that the district court rejected Liu's claim for attorney fees for reasons other than its interpretation and application of caselaw, such as insufficient evidence to support Liu's claim that the breach of the Agreement caused her to incur attorney fees in defending herself against K&D's action. This contention
*continued on next page . . .*

127 P.3d 1057, 1063 (2006) (providing that a denial of attorney fees is generally reviewed for abuse of discretion but that de novo review applies when an attorney fees matter concerns questions of law).

*Horgan's partial abrogation of Sandy Valley*

Generally, attorney fees are not recoverable "absent authority under a statute, rule, or contract." *Albios v. Horizon Communities, Inc.*, 122 Nev. 409, 417, 132 P.3d 1022, 1028 (2006). But, "[a]s an exception to the general rule," attorney fees may be awarded "as special damages in limited circumstances." *Horgan*, 123 Nev. at 583, 170 P.3d at 986.

The court in *Sandy Valley* made three significant statements about the grounds for recovering attorney fees as special damages. 117 Nev. at 956-57, 35 P.3d at 969-70. First, the court stated that attorney fees may be recovered as special damages when they are pleaded as such pursuant to NRCP 9(g) and are a "natural and proximate consequence of the injurious conduct." *Id.* at 956-57, 35 P.3d at 969. Second, the court explained that

> [a]ttorney fees may be an element of damage in cases when a plaintiff becomes involved in a third-party legal dispute as a result of a breach of contract . . . [and] [t]he fees incurred in defending . . . the third-party action could be damages in the proceeding between the plaintiff and the defendant [who breached the contract].

*Id.* at 957, 35 P.3d at 970. Third, the *Sandy Valley* court stated the following about the recovery of attorney fees as special damages in actions

---

. . . *continued*

lacks merit because the district court rejected Liu's attorney fees claim solely as a matter of law.

concerning a cloud on title to real property: "[a]ttorney fees may ... be awarded as damages in those cases in which a party incurred the fees ... in clarifying or removing a cloud upon the title to property." *Id.*

The *Horgan* court revisited *Sandy Valley* in addressing a matter involving the recovery of attorney fees that were accumulated in seeking declaratory relief to remove a cloud on title to real property. *Horgan*, 123 Nev. at 579-80, 583-86, 170 P.3d at 983-84, 986-88. In clarifying *Sandy Valley*, the *Horgan* court retreated from the third statement above concerning the award of attorney fees in cloud-on-title actions. *Horgan*, 123 Nev. at 579, 588, 170 P.3d at 983, 988. In doing so, it did not retreat from the *Sandy Valley* court's position regarding the recovery of attorney fees as damages that are caused by injurious conduct or a breach of contract. *Id.* Disapproving of *Sandy Valley*'s broad statement that "'[a]ttorney fees may ... be awarded as damages in those cases in which a party incurred the fees ... *in clarifying or removing a cloud upon the title to property*,'" the *Horgan* court stated that "in cases *concerning title to real property*, attorney fees are only allowable as special damages in slander of title actions, *not merely when a cloud on the title to real property exists*." *Id.* at 579, 583, 170 P.3d at 983, 986 (alterations in original) (second emphasis added) (quoting *Sandy Valley*, 117 Nev. at 957, 35 P.3d at 970). When read in isolation, this statement conveys that in any action that merely relates to title, clarification of title, or removal of a cloud on title to real property, a party can recover attorney fees as special damages only if he or she asserts and prevails on a slander of title claim. *See id.* Thus, when read by itself, this statement appears to support the district court's determination that Liu could not recover attorney fees.

However, the meaning and effect of *Horgan* cannot be ascertained by reading one statement to the exclusion of the rest of the

opinion. *See Orr v. Allen*, 248 U.S. 35, 36 (1918) (indicating that language in an opinion must not to be taken out of context or segregated from the remainder of the opinion); *Mashpee Tribe v. New Seabury Corp.*, 592 F.2d 575, 585 (1st Cir. 1979) ("Different sections of an opinion should be read as consistent with each other."). Rather, *Horgan* "must be read as a whole, without particular portions read in isolation, [so as] to discern the parameters of its holding." *Fisher v. Big Y Foods, Inc.*, 3 A.3d 919, 926-27 (Conn. 2010).

The remainder of the *Horgan* court's opinion indicates that it did not hold that a party in any matter that relates to title to real property must prevail on a slander of title claim in order to recover attorney fees as special damages. 123 Nev. at 583-86, 170 P.3d at 986-88. Rather, the *Horgan* court contemplated a party's ability to recover attorney fees as special damages that were incurred in a specific type of civil action that is brought by that party: an action to *clarify or remove a cloud on title. Id.*

The *Horgan* court stated that a "plaintiff may recover as damages the expense of legal proceedings necessary to *remove a cloud on the plaintiff's title*" when he or she prevails on a slander of title claim. *Id.* at 584-85, 170 P.3d at 987 (emphasis added). It stated that "attorney fees are only available as special damages in slander of title actions and not simply when a litigant seeks to *remove a cloud upon title.*" *Id.* at 586, 170 P.3d at 988 (emphasis added). In asserting these conclusions, the *Horgan* court primarily relied on authorities that permit the award of attorney fees as special damages to parties who brought claims to clarify or remove a cloud on title, accrued attorney fees in bringing those claims, and prevailed on a slander of title claim. *See id.* at 584-86, 170 P.3d at 987-88 (citing: *Wright v. Rogers*, 342 P.2d 447, 449, 457 (Cal. Ct. App. 1959) (providing that in an action to remove a cloud on title, the plaintiff may

recover attorney fees as special damages if he or she prevails on a slander of title claim); *Price v. Tyler*, 890 So. 2d 246, 248-49, 251, 253 (Fla. 2004) (explaining that parties cannot recover attorney fees as special damages that were accrued in declaratory relief and quiet title actions absent a slander of title); *Rayl v. Shull Enters., Inc.*, 700 P.2d 567, 573 (Idaho 1984) (concluding that a plaintiff who sought to remove a cloud on his title was entitled to attorney fees as special damages that arose from the slander of title); *Paulson v. Kustom Enters., Inc.*, 483 P.2d 708, 715-16 (Mont. 1971) (remanding a matter to allow parties to recover attorney fees accrued in removing a cloud on title resulting from slander); *Den-Gar Enters. v. Romero*, 611 P.2d 1119, 1121, 1124 (N.M. Ct. App. 1980) (providing that plaintiffs who sought to remove a cloud on title through a quiet title action could recover attorney fees under a slander of title claim); *Peckham v. Hirschfeld*, 570 A.2d 663, 667-70 (R.I. 1990) (providing the same); *Dowse v. Doris Trust Co.*, 208 P.2d 956, 958-59 (Utah 1949) (concluding that a plaintiff was entitled to special damages, including attorney fees, in an action to remove a cloud on his title because the defendant slandered it); and *Rorvig v. Douglas*, 873 P.2d 492, 494, 497-98 (Wash. 1994) (providing the same)).

Thus, the *Horgan* court's holding that one must prevail on a slander of title claim to recover attorney fees as special damages is one that applies to the recovery of attorney fees that are accrued from pursuing an action to *clarify or remove a cloud on title*. Generally, an action to clarify or remove a cloud on title is either an action in equity or an action for declaratory relief. *See MacDonald v. Krause*, 77 Nev. 312, 317-18, 362 P.2d 724, 727 (1961) (identifying actions to quiet title and to remove clouds on title as actions in equity); *Kress v. Corey*, 65 Nev. 1, 25-26, 189 P.2d 352, 363-64 (1948) (stating that a cloud on title may be

SUPREME COURT
OF
NEVADA

(O) 1947A

9

removed by a declaratory judgment). Hence, when discussing the recovery of attorney fees as damages that arose from actions to clarify or remove a cloud on title, the *Horgan* court was not concluding that a slander of title claim is a prerequisite to recovering attorney fees as special damages in *all* civil actions that relate to title to real property. *See* 123 Nev. at 579, 583-86, 170 P.3d at 983, 986-88. Rather, as revealed by its language and the authorities it relied on, the *Horgan* court held that slander of title is a prerequisite to a party's recovery of attorney fees that were amassed in asserting claims to clarify or remove a cloud on title, such as declaratory or equitable relief claims. *Id.*

In explaining its analysis and conclusions, the *Horgan* court stated that when a plaintiff incurs attorney fees as a result of a defendant's intentional effort to cloud title, the plaintiff deserves the fees because he or she had no choice but to litigate. *Id.* at 585-86, 170 P.3d at 987-88. Otherwise, absent slander of title, the plaintiff shoulders the debt for the attorney fees that he or she risked accruing when deciding to clarify or remove a cloud on title by suing the defendant. *See id.*

Here, Liu was not a plaintiff who incurred attorney fees by asserting equitable or declaratory relief claims to clarify or remove a cloud on title. Rather, she pleaded to recover attorney fees as special damages that she allegedly incurred defending against K&D's civil action as a result of CHR's breach of the Agreement. Thus, the attorney fees that Liu incurred in her defense against K&D's action and her claim for attorney fees were not within the purview of *Horgan*'s requirement that a party who brought an action to clarify or remove a cloud on title must prove slander of title in order to recover the attorney fees that he or she incurred in the action. *See Horgan,* 123 Nev. at 583-86, 170 P.3d at 986-88.

*The portion of Sandy Valley that Horgan did not overturn*

When revisiting and abrogating *Sandy Valley*, the *Horgan* court only overturned the analysis and conclusion in *Sandy Valley* that concerned the recovery of attorney fees that are accumulated in actions to clarify or remove a cloud on title to real property. *Horgan*, 123 Nev. at 579, 583-86, 170 P.3d at 983, 986-88. The court did not retreat from *Sandy Valley*'s conclusion that a party to a contract may recover, as special damages, the attorney fees that arise from another party's breach of the contract when the breach causes the former party to incur attorney fees in a legal dispute brought by a third party. *See Horgan*, 123 Nev. at 579, 583-86, 170 P.3d at 983, 986-88 (omitting from its discussion *Sandy Valley*'s language that concerns the recovery of attorney fees as special damages that arise from a breach of contract); *Sandy Valley*, 117 Nev. at 957, 35 P.3d at 970. Thus, this portion of *Sandy Valley* was not undercut by *Horgan*. In unity with the various jurisdictions that have held the same, we maintain that a party to a contract may recover from a breaching party the attorney fees that arise from the breach that caused the former party to accrue attorney fees in defending himself or herself against a third party's legal action. *See, e.g., Masonic Temple Ass'n of Crawfordsville v. Ind. Farmers Mut. Ins. Co.*, 837 N.E.2d 1032, 1039 (Ind. Ct. App. 2005) (providing that when the defendant's breach of contract caused the plaintiff to engage in litigation with another party, the attorney fees from that litigation "may be recovered as an element of . . . damages from [the] defendant's breach of contract"); *Pac. Coast Title Ins. Co. v. Hartford Accident & Indem. Co.*, 325 P.2d 906, 907-08 (Utah 1958) (providing the same); *Fid. Nat'l Title Ins. Co. of N.Y. v. S. Heritage Title Ins. Agency, Inc.*, 512 S.E.2d 553, 558 (Va. 1999) (concluding that attorney fees incurred in litigation caused by a party's breach of contract

can be recovered as special damages); *Kremers-Urban Co. v. Am. Emp'rs Ins. Co.*, 351 N.W.2d 156, 168 (Wis. 1984) (recognizing that attorney fees and expenses incurred in third-party litigation are recoverable "when they are the natural and proximate result of the breach of contract or other wrongful act" that caused the plaintiff to be involved in litigation with other parties).

In light of the above, *Sandy Valley* permits, and *Horgan* does not bar, Liu's claim to recover attorney fees as special damages that were purportedly sustained in defending herself against K&D's suit, which was allegedly caused by CHR's breach of the Agreement. Accordingly, we hold that the district court erred in relying on *Horgan* to conclude that Liu cannot recover attorney fees as special damages.[2]

*The district court must revisit Liu's claim for attorney fees*

Determining whether a party's breach of contract caused another party to incur attorney fees in defending himself or herself from a third party's complaint involves factual inquiries. *See Frantz v. Johnson,*

---

[2]It appears that Liu also relies on *Sandy Valley* for the contention that she can recover attorney fees and costs that she incurred when prosecuting her claim against CHR to recover attorney fees as special damages—in addition to the attorney fees that she incurred when defending herself against K&D's action. *Sandy Valley* does not support this contention. *See* 117 Nev. at 957, 35 P.3d at 970. It only provides for the recovery of attorney fees as special damages that are incurred in defending against third-party litigation that is caused by a breach of contract. *Id.* Because Liu has not provided any other salient authority in support of her argument, we do not address the recovery of attorney fees and costs that are incurred when prosecuting a claim for attorney fees as special damages. *Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006) (providing that this court need not address an argument that is not cogently made).

116 Nev. 455, 468, 999 P.2d 351, 359 (2000) (indicating that causation is an issue of fact). In our appellate capacity, we do not resolve matters of fact for the first time on appeal. *See Round Hill Gen. Improvement Dist. v. Newman*, 97 Nev. 601, 604, 637 P.2d 534, 536 (1981) (noting that "an appellate court is not an appropriate forum in which to resolve disputed questions of fact").

When the district court determined that *Horgan* barred Liu's claim to recover attorney fees as special damages, it also found that CHR breached its contract with Liu by leaving its debts to K&D unpaid. But, because it erroneously reasoned that *Horgan* disposed of Liu's attorney fees claim as a matter of law, the district court did not resolve whether the evidence before it proved that CHR's breach of the Agreement caused Liu to accumulate the attorney fees in defending her interests against K&D's suit. We do not resolve this factual issue that the district court did not reach, as doing so would require us to inappropriately weigh the evidence and resolve questions of fact for the first time on appeal. It is up to the district court on remand to resolve these questions.

## CONCLUSION

In light of our analysis and determinations above, we reverse the district court's findings of fact, conclusions of law, and judgment on Liu's claim for the recovery of attorney fees as special damages that allegedly arose from CHR's breach of the Agreement.[3] All other aspects of

---

[3]The dissent disagrees with our conclusions, relying on a concurrence in *Horgan* which noted that there are claims, other than slander of title, under which a party can recover attorney fees as special damages, such as "actions for malicious prosecution, abuse of process, wrongful attachment, trademark infringement, false imprisonment or arrest." 123 Nev. at 587, 170 P.3d at 988-89 (Maupin, J., concurring). The

*continued on next page . . .*

the district court's judgment are affirmed. We remand this matter for further proceedings that are consistent with this opinion.

_____, J.
Saitta

I concur:
_____, J.
Douglas

---

. . . *continued*

dissent appears to conclude that because the *Horgan* concurrence did not include a breach of contract claim within its list, it is persuasive authority that attorney fees that arise from a breach of contract cannot be recovered as special damages. We disagree. We do not read the *Horgan* concurrence as conveying a comprehensive and exclusive list of claims on which a party can recover attorney fees as special damages. Rather, the *Horgan* concurrence stressed that the *Horgan* opinion did not preclude the recovery of attorney fees as special damages in circumstances other than those presented in that appeal. *Id.* In so doing, it offered examples of claims under which one may recover attorney fees. *Id.* Thus, like the *Horgan* concurrence, we conclude that *Horgan* does not bar the recovery of attorney fees in circumstances that are not addressed in *Horgan*, such as the circumstances that are present in this appeal.

GIBBONS, C.J., dissenting:

As the majority notes, we concluded in *Horgan v. Felton*, 123 Nev. 577, 579, 170 P.3d 982, 983 (2007), that "in cases concerning title to real property, attorney fees are only allowable as special damages in slander of title actions, not merely when a cloud on the title to real property exists." In *Horgan*, the concurrence noted that there are other types of cases that allow attorney fees as damages, such as "actions for malicious prosecution, abuse of process, wrongful attachment, trademark infringement, false imprisonment or arrest." *Id.* at 587, 170 P.3d at 989 (Maupin, J., concurring). Breach of contract is not one of the exceptions specified in *Horgan* and should fall into the same category as actions to quiet title. This would further address our concern in *Horgan* that the scope of real property cases where attorney fees are available as special damages was "inadvertently expanded." *Id.* at 586, 170 P.3d at 988. For this reason, I conclude that the district court correctly interpreted the holding of *Horgan*, and I would affirm the district court's denial of attorney fees.

_____, C.J.
Gibbons